IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-00227-D

**Hai Thannh Nguyen,**

                Plaintiff,

v.

**Carolyn Colvin**, Acting Commissioner of Social Security,

                Defendant.

**Memorandum & Recommendation**

Plaintiff Hai Thannh Nguyen instituted this action on April 16, 2014 to challenge the denial of his application for social security income. Nguyen claims that Administrative Law Judge Kelly Davis erred in her determination by failing to accord the appropriate weight to the medical opinion of Nguyen's treating physician and the disability decision made by the Office of Personnel Management ("OPM"). Both Nguyen and Defendant Carolyn Colvin, the Acting Commissioner of Social Security, have filed motions seeking a judgment on the pleadings in their favor. D.E. 12, 14.

After reviewing the parties' arguments, the court has determined that ALJ Davis erred in her decision. Specifically, her decision to accord little weight to Nguyen's treating physician's opinion is not supported by substantial evidence. Additionally, ALJ Davis failed to justify her decision to give minimal weight to the disability finding by OPM. Therefore, the undersigned recommends[1] that Nguyen's Motion for Judgment on the Pleadings be granted, that Colvin's

---

[1] The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

Motion for Judgment on the Pleadings be denied, and that the court remand the matter to the Commissioner for further proceedings.

I.   Background

On March 1, 2011, Nguyen filed an application for disability insurance benefits on the basis of a disability that allegedly began on December 18, 2009. After his claim was denied at both the initial stage and upon reconsideration, Nguyen appeared before ALJ Davis for a hearing to determine whether he was entitled to benefits. After the hearing, ALJ Davis determined that Nguyen was not entitled to benefits because he was not disabled. Tr. at 17–24.

In reaching her decision, ALJ Davis found that Nguyen had the following severe impairments: cervical spondylosis; degenerative disc disease; carpal tunnel syndrome; right shoulder pain; chronic sinusitis and depression. *Id.* at 19. ALJ Davis also found that his impairments, alone or in combination, did not meet or equal a Listing impairment. *Id.* ALJ Davis determined that Nguyen had the residual functional capacity ("RFC") to perform work activity as follows: can lift or carry 20 pounds occasionally and 10 pounds frequently; can sit, walk, or stand six hours in an eight hour workday; can frequently push or pull with the right upper extremity; can occasionally climb ropes, ladders, and scaffolds; can frequently stoop, crouch, and crawl; can frequently reach overhead with the right upper extremity; can frequently finger, handle, and feel with the right extremity; and must avoid concentrated exposure to hazards, such as machinery heights, and to pulmonary irritants such as fumes, odors, dust, gases, and poor ventilation. *Id.* at 20. She further found that the Nguyen can understand, remember, and carry out simple, routine, repetitive tasks; can have occasional contact with the general public; is able to accept instructions and respond appropriately to criticism from supervisors; and can interact appropriately with coworkers. *Id.* ALJ Davis concluded that Nguyen could not perform his past

relevant work but that, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he was capable of performing, such as mail clerk, routing clerk, and garment sorter. *Id.* at 23–24. Thus, ALJ Davis found that Nguyen was not disabled. *Id*. at 24.

After unsuccessfully seeking review by the Appeals Council, Nguyen commenced this action and filed a complaint pursuant to 42 U.S.C. § 405(g) on April 16, 2014. D.E. 1.

## II. Analysis

### A. Standard for Review of the Acting Commissioner's Final Decision

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chafer*, 99 F.3d 635, 638 (4th Cir. 1996).

### B. Standard for Evaluating Disability

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the

claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's RFC is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

### C. Weight of Dr. Mikles's opinion

Nguyen's first argument is that ALJ Davis failed to properly consider the opinions of his treating orthopedic surgeon, Dr. Mark Mikles. Regardless of the source, the ALJ must evaluate every medical opinion received. 20 C.F.R. § 404.1527(c). In general, the ALJ should give more weight to the opinion of an examining medical source than to the opinion of a non-examining source. *Id.* § 404.1527(c)(1). Additionally, more weight is generally given to opinions of treating sources, who usually are most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability, than non-treating sources, such as consultative examiners. *Id.* § 404.1527(c)(2). Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (quotations & citations omitted). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*; *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (stating "[t]he ALJ may choose to give less weight to the testimony of a treating physician

if there is persuasive contrary evidence"); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted).

If the ALJ determines that a treating physician's opinion should not be considered controlling, the ALJ must then analyze and weigh all of the medical opinions in the record, taking into account the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist. *Johnson*, 434 F.3d at 654 (citing 20 C.F.R. § 404.1527). While an ALJ is under no obligation to accept any medical opinion, *see Wireman v. Barnhart*, No. 2:05–CV–46, 2006 WL 2565245, at *8 (W.D. Va. Sept. 5, 2006) (unpublished), he must nevertheless explain the weight afforded such opinions. *See* S.S.R. 96–2p, 1996 WL 374188, at *5 (July 2, 1996); S.S.R. 96–6p, 1996 WL 374180, at *1 (July 2, 1996). An ALJ may not reject medical evidence for the wrong reason or no reason. *Wireman*, 2006 WL 2565245, at *8. "In most cases, the ALJ's failure to consider a physician's opinion (particularly a treating physician) or to discuss the weight given to that opinion will require remand." *Love–Moore v. Colvin*, No. 7:12–CV–104–D, 2013 WL 5350870, at *2 (E.D.N.C. Sept. 24, 2013) (unpublished) (citing *Hill v. Astrue*, 698 F.3d 1153, 1159–60 (9th Cir. 2012); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747, 750 (6th Cir. 2007); *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006)). However, "[i]n some cases, the failure of an ALJ to explicitly state the weight given to a medical opinion constitutes harmless error, so long as the weight given to the opinion is discernible from the decision and any grounds for discounting it are reasonably articulated." *Bryant v. Colvin*, No.

5:11–CV–648–D, 2013 WL 3455736, at *5 (E.D.N.C. July 9, 2013) (unpublished) (citations & quotations omitted).

In referencing Dr. Mikles's findings, ALJ Davis noted that he assessed a permanent restriction of five pounds lifting and a flexible sit or stand option. Tr. at 22. ALJ Davis afforded these restrictions little weight, concluding they were not consistent with the record evidence. *Id.* Nguyen argues that ALJ Davis erred by failing to identify contrary evidence contained in the record. He further asserts that as a specialist in orthopedics and as the treating physician who performed his cervical discectomy, Dr. Mikles's opinion deserves more weight than ALJ Davis afforded it.

The Commissioner argues that ALJ Davis appropriately considered Dr. Mikles's records and findings. While the discussion of Dr. Mikles's records and determinations is brief, the court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig*, 76 F.3d at 589; 20 C.F.R. 416.927(d)(2); *see* 42 U.S.C. § 405(g). To determine whether a decision is supported by substantial evidence, the court must evaluate whether the Commissioner considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

Here, the court must determine whether substantial evidence supports ALJ Davis's finding that Dr. Mikles's assessed limitation is inconsistent with the other medical evidence of record. In support of ALJ Davis's determination, the Commissioner points to the following evidence: in August 2010 Nguyen had full range of motion ("ROM") in his shoulder and Dr.

Calloway assessed a lifting restriction to 20 pounds, (Tr.. at 21, 256); in March 2011 Dr. Mikles found Nguyen's cervical spine to be stable post-surgery, (*id.* at 21, 244); in April 2011 Dr. Mikles noted an improvement in Nguyen's wrist and neck pain, (*id.* at 21, 242); and electrodiagnostic testing showed no indication of radiculopathy, (*id.* at 22, 282, 437–38). Additionally, in June 2011 at the same time he assessed the lifting restriction and sit or stand flexibility requirement, Dr. Mikles noted the following: a cervical spine x-ray demonstrated a stable-appearing C6-7 allograft, thoracic spine tenderness, mildly decreased neck rotation, minimal paraspinal tenderness, slightly limited strength on the right, negative Spurling's test, negative should abduction bilaterally, and no significant motor or sensory deficits in the upper left extremity. *Id.* at 21, 312.

The Commissioner further contends that the medical evidence of record demonstrates improvement in Nguyen's condition following Dr. Mikles's assessment, as evidenced by: an October 2011 report by Nguyen that Vicodin helped his pain, (*id.* at 22, 435); a May 2012 entry that pain medication helped Nguyen but they did not completely relieve his pain, (*id.* at 22, 485); an August 2012 report that Nguyen appeared to be doing well with his regimen, (*id.* at 22, 478–79); an MRI in August 2012 showed no significant pathology in the right shoulder, (*id.* at 22, 439); and examination revealed tenderness when Nguyen moved his arm but otherwise had good ROM and strength. *Id.*

At the hearing before ALJ Davis, Nyugen offered testimony on his condition and limitations. *Id.* at 39–62. Nguyen testified that he drives less than he used to drive. *Id.* at 40. He underwent three surgeries on his neck, shoulder, and hand and, at the time of the hearing, his medical providers recommended yet another shoulder surgery. *Id.* at 48–50. He testified that Vicodin helps his pain, but that he experienced itching when he would take hydrocodone. *Id.* at

51–52. He also stated that he received a cortisone shot every two months, which would relieve his pain for approximately one month. *Id.* at 52. He also testified that he has back pain upon palpitation, numbness in the fourth digit of his right hand, and tingling in his index finger. *Id.* at 54. He stated that he has weakness in his right arm from his shoulder to his hand. *Id.* at 55. When he has tried to carry a gallon of milk with his right hand, he switches it to his left hand. *Id.* at 56. Similarly, if he holds something, he may drop it. *Id.* Nguyen also testified that he had occasions where he fell when walking, that if he stands for a long period of time his back hurts, and that he does not sit more than four hours. *Id.* at 58–60.

At the time of the hearing before ALJ Davis, which was approximately three years after Nguyen suffered the injury, he had undergone three surgeries with the potential for additional surgery needed in the future. *Id.* at 21, 439. His surgeries included a right shoulder decompression in February 2010, right carpal tunnel release in July 2010, and cervical discectomy in December 2010. *Id.* Despite surgeries, however, he continued to experience pain, tingling, and numbness in his back, shoulder, arm, and hand. *Id.* at 242, 246, 253–55, 261, 272, 276. He received steroid injections every two months, which provided temporary relief, and continued to require pain medication which, while helpful, did not fully alleviate his pain. *Id.* at 47, 223, 225–26, 314–15, 421, 493.

The medical records cited by the Commissioner do not contradict Dr. Mikles's opinions or assessments. While showing his condition improved, the fact that impairments did not resolve and continued to cause Nguyen pain and functional loss is borne out the by medical evidence. As noted above, the medical evidence showed thoracic spine tenderness, mildly decreased neck rotation, paraspinal tenderness, limited strength on the right, and tenderness with right arm movement. *Id.* at 225–26, 242, 244, 246–48, 253–55, 257, 261, 295, 312, 314–15, 428. The pain

8

management regimen, while helpful, did not eliminate his pain symptoms. *Id.* at 47, 421, 479. Nguyen continued to experience significant problems. He points out that his shoulder surgery failed to relieve his pain, that the MRIs demonstrate objective medical evidence that his abnormalities continued, and a revision surgery was recommended. *Id.* at 242, 246–48, 253–55, 293–95, 297, 299, 439. Additionally, Nguyen's claim that he had decreased strength in his right arm and hand as well as right arm muscle atrophy is supported by objective evidence. *Id.* at 428.

In light of the totality of the medical evidence, the court cannot conclude that there is substantial evidence in the record that is inconsistent with Dr. Mikles's findings that Nguyen had a five pound lifting restriction and required a flexible sit/stand option. The insufficiency of ALJ Davis's reasons offered in affording Dr. Mikles's opinions little weight, coupled with the §1527 factors indicating Dr. Mikles's opinions may be entitled to greater weight, suggest remand is appropriate for further consideration on this issue.

### D. OPM disability determination

In her decision, ALJ Davis noted there was a application for disability retirement approved by OPM on August 25, 2011. Tr. at 23, 44–48. ALJ Davis afforded this decision little weight, citing the fact that OPM does not apply the same standards as the Social Security Administration. *Id.* Nguyen contends that the OPM disability determination must be given substantial weight. The Commissioner argues that ALJ Davis appropriately weighted the OPM decision.

As provided at 20 C.F.R. § 404.1504 and further explained in Social Security Ruling ("SSR") 06–03p, "a determination made by another agency that [the claimant is] disabled or blind is not binding on" the Social Security Administration ("SSA"). 20 C.F.R. § 404.1504. Rather, "the ultimate responsibility for determining whether an individual is disabled under

Social Security law rests with the Commissioner." SSR 06–03p. However, the Court of Appeals for the Fourth Circuit held in *Bird v. Commissioner of Social Security Administration* that while another agency's disability determination is not binding on the SSA, "another agency's disability determination 'cannot be ignored and must be considered.'" 699 F.3d 337, 343 (4th Cir. 2012). In considering the weight to give a decision of the Veterans Administration ("VA"), the Fourth Circuit held:

> The assignment of at least some weight to a VA disability determination reflects the fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.

*Bird*, 699 F.3d at 343 (internal quotations omitted). The Fourth Circuit therefore concluded that "in making a disability determination, the SSA must give substantial weight to a VA disability rating," and "an ALJ may give less weight to a VA disability rating when the record before ALJ Davis clearly demonstrates that such a deviation is appropriate." *Id.*

Here, OPM made a disability determination based on Nguyen's following impairments: degenerative cervical spine disease, status post C5-6 fusion; degenerative joint disease of the right shoulder, status post right rotator cuff repair; and right carpal tunnel syndrome. Tr. at 345. As a result of these conditions, OPM concluded that Nguyen was disabled from his position as a postal clerk. *Id.* Although the OPM decision consists of only one paragraph, presumably it relied upon many of the same records Nguyen presented for his instant disability application.[2] The Commissioner notes that the OPM decision provides no discussion of the medical evidence and that OPM applies different standards than the Social Security Administration. *Id.* at 23.

---

[2] The court notes that the record contained additional evidence of Nguyen's conditions which post-date the OPM decision through the date of ALJ Davis's decision.

However, that observation fails to consider that the OPM's disability finding was made in connection with Nguyen's diagnoses of cervical spine disease, degenerative disc disease of the right shoulder and carpal tunnel syndrome. ALJ Davis found that the medical evidence established that these conditions were severe, significantly limiting Nguyen ability to perform basic work activity.

Further, courts confronting similar issues raised in *Bird*, including OPM disability determinations, have found that remand may be appropriate. In *Herrien v. Astrue*, No. 2:11-CV-560, 2013 WL 1121361, at *11 (E.D. Va. Feb. 21, 2013), the court noted:

> The ALJ was advised by Mr. Herrien's counsel prior to the hearing that Mr. Herrien had a 100% federal disability retirement rating from OPM and a 40% service-connected disability rating from the VA.... In addition, during the hearing Mr. Herrien testified that he was receiving disability payments from OPM and the VA.... Despite his counsel's failure to proffer more evidence regarding these disability determinations or elicit further testimony from Mr. Herrien at the hearing, it nonetheless remained the duty of the ALJ to inquire into the issues necessary to adequately develop the record, since he cannot rely on the evidence submitted by the claimant if the evidence is inadequate.... The evidence here was clearly inadequate. Under the principle promulgated by the Fourth Circuit in *Bird*, evidence of another agency's disability determination is 'highly relevant' and must be given substantial weight unless the record clearly establishes that a lesser weight is appropriate.... Without a developed record, there is insufficient evidence to determine what weight OPM and the VA's disability determinations merit.

*Herrien*, 2013 WL 1121361 (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *Worthington v. Astrue*, No. 7:11–cv–00207-FL, 2012 WL 4026067, at *4 (E.D.N.C Sept. 12, 2012) ("While it appears that plaintiff, who was represented by counsel of record at the administrative hearing, failed to submit any notice or decision of disability from the issuing agency, the fact that she was receiving state disability was noted in the record, (citation omitted), and after plaintiff testified that she was receiving state disability benefits, ALJ Davis should have further developed the record on this point to the extent necessary to evaluate this evidence as required by SSR 06–03p")). Moreover, the reasons cited by the Commissioner—different rules

and different standards—would apply to every case and thus cannot be relied upon to avoid scrutiny of the OPM's decision under *Bird's* new presumptive standard.

The record does not clearly demonstrate why ALJ Davis believed it was appropriate to deviate from the rule announced in *Bird* that another agency's findings should be given substantial weight. Because ALJ Davis did not conduct the analysis required by *Bird*, the court cannot determine whether substantial evidence supports the denial of benefits. Therefore, remand is appropriate to allow ALJ Davis to weigh the evidence of Nguyen's OPM decision.[3]

## III. Conclusion

For the forgoing reasons, the court recommends that Nguyen's Motion for Judgment on the Pleadings should be granted, that Colvin's Motion for Judgment on the Pleadings should be denied, and that the Commissioner's final decision should be remanded for further consideration.

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

---

[3] On remand, ALJ Davis might well conclude on this record that Nguyen's OPM disability finding should be given substantially less weight than the *Bird's* presumption requires. But that analysis is for ALJ Davis to perform in the first instance inasmuch as it is not the job of a reviewing court to substitute its own analysis of the evidence. *Persaud v. Colvin*, No. 2:12-cv-661, 2014 WL 198922, at *11 (E.D. Va. Jan. 14, 2014).

12

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: August 10, 2015.

*Robert T. Numbers II*
———————————————
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE